NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS ELLIS, | : | Civil No. 09-2837 (DMC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| SGT. MCLELLAN, | : | |
| Defendants. | : | |

APPEARANCES:

    THOMAS ELLIS, #219079, Plaintiff Pro Se
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, New Jersey 07032

**CAVANAUGH**, District Judge:

Thomas Ellis, a prisoner incarcerated at Hudson County Correctional Center, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee.[1] See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint. See 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff is required to pay the filing fee in installment payments pursuant to 28 U.S.C. § 1915(b) because he is a "prisoner." See 28 U.S.C. § 1915(h).

# I. BACKGROUND

Plaintiff brings this action against Jersey City Police Officer Sgt. Mclellan for violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff asserts the following facts:

> On 3/19/09 at the East District Precinct in Jersey City, N.J., I was placed inside the holding cell area. Sgt. Mclellan (tour commander) who[] did not search[] the holding cell thoroughly before placing me inside, therefore making and putting my life and health at risk while drugs were inside the area. Before placing a prisoner inside the cell area it has to be searched. Sgt. Mclellan neglected his duties. The Jersey City East District is liable for the outcome of the arrest.

(Compl. ¶ 8.)

In a letter attached to the Complaint, Plaintiff describes the events in the following manner:

> On the evening of March 19th 2009 around 8:30 pm, I Thomas Ellis was in the act of committing a shoplifting charge at a B.J. Dept. Store . . . . P.O. working ShopRite [came] over to assist in arrest . . . [W]e made our way to the East District Precinct . . . . Once inside the back holding cell area I was immediately baton device searched by female Spanish officer Hernandez. Before being handcuffed to the bench, police officer Erica M. started doing the paperwork which her back was facing me. Approximately 15-20 minutes inside the holding cell I noticed a plastic bag which looked to be purple vials enlarged between the bench cracks. The minute I touched the bag it made a rattling sound. P.O. Erica M. turned around and stated to me what are you doing? I then instructed her that there is something inside the bench. She then opened the locked gate, came inside and removed the alleged bag of cocaine . . . . She then alerted the 3 Sgts that was on duty that evening; they then instructed her to charge me with the eleven vials of suspected cocaine with the robbery charge.

(Docket entry # 1 at p. 13.)

2

The following documents are also attached to the Complaint: (1) Jersey City Police Investigation Report by Officers Vergara and Melendez dated March 19, 2009; (2) criminal complaint charging Plaintiff with robbery of BJ's Wholesale; (3) criminal complaint charging Plaintiff with possession of cocaine with intent to distribute within 1000 feet of a school, possession of cocaine with intent to distribute within 500 fee of a housing property, and concealing evidence; and (4) criminal complaint charging Plaintiff with possession of 11 vials of cocaine and possession with intent to distribute cocaine.

Plaintiff seeks punitive damages for violation of his constitutional rights.

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and

3

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted); see also Fowler v. UPMC Shadyside, 578 F. 3d 203, 210-11 (3d Cir. 2009) (citations and internal quotation marks omitted); McTernan v. City of York, 577 F. 3d 521, 530 (3d Cir. 2009).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

4

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). Liberally construing Plaintiff's allegations and accepting them as true, the Court reads Plaintiff's Complaint as seeking damages under § 1983 for negligent search of the holding cell. The Court will now examine the Complaint to determine whether dismissal is required by 28 U.S.C. § 1915(e)(2)(B).

A. Due Process

Plaintiff complains that Sgt. Mclellan negligently failed to properly search and secure the holding cell before allowing Plaintiff to be confined in the cell and, as a result, Plaintiff found the cocaine hidden in the cell bench and was charged with criminal possession of cocaine. However, negligence is not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from assault by another inmate

because official "mistakenly believed that the situation was not particularly serious" does not state a claim under § 1983); Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983); Orsatti v. New Jersey State Police, 71 F. 3d 480, 484 (3d Cir. 1995) ("[t]he obligation of local law enforcement officers is to conduct criminal investigations in a manner that does not violate the constitutionally protected rights of the person under investigation. Therefore, whether the officers conducted the investigation negligently is not a material fact"). Plaintiff's § 1983 claim based on negligent search of the holding cell will be dismissed for failure to state a claim upon which relief may be granted.

Because this Court does not see how Plaintiff could amend the Complaint at this time to state a cognizable claim under § 1983, this Court will not grant leave to file an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

The Court will enter an appropriate Order.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: __12/15/_____, 2009

6